# CONSUMER LAW CENTER LLC

A Consumer Rights Law Firm
1020 Blair Mill Road, Suite 1105
Silver Spring, MD 20910

Phillip
Robinson*

\* Admitted in MD

_____
Phone (301 ) 448-1304
www.marylandconsumer.com

**Via CM/ECF**

April 7, 2025

The Honorable Nwamaka C. Anowi
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re.:   ***Palazzo v. Bayview Loan Servicing LLC, et al.***
           **Case No. 24-2169**
           **Rule 28(j) Notice of Supplemental Authority**

Dear Ms. Anowi:

A recent reported decision of this Court addresses certain issues in this appeal—*Koontz v. SN Servicing Corp.*, --- F.4th ---- , No. 24-1261, 2025 WL 1006396 (4th Cir. Apr. 4, 2025).

In *Koontz*, this Court found collection by foreclosure does involve debt collection activities which are subject to the Fair Debt Collection Practices Act and specifically the consumer asserted a proper claim related to "[[t]he collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law.' § 1692f(1)" of the FDCPA. *Koontz,* at \*5. Palazzo's briefing here focuses on the same claim under the FDCPA (and incorporated state law claims). OB (Doc. 14) 28-41; ReplyBr. (Doc. 20) 2-7, 9-15, 18-20.  To reach this conclusion in *Koontz*, this Court recognized the collection correspondence (like the collection letters and payoff statements Palazzo received) "included…demand[s] for payment" and also identified "'certain fees have been assessed and charged to the aforementioned loan account…'" *Id.* at \*3.

Like the Appellees and the District Court below in this action, the servicer in *Koontz* relied upon the unreported decision in *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308 (4th Cir. 2016). Response Brief (Doc. 15) 3-4, 34-37; JA 1021-1041, 2123-2137. However, this Court recognized *Lovegrove* offers "minimal persuasive value…" *Koontz,* at *4. Palazzo has asserted similar arguments to distinguish *Lovegrove's* application to his claims. OB 28-29, 53-54; ReplyBr. 22-24.

This Court in *Koontz* also explained that the Supreme Court's decision in *Johnson v. Home State Bank,* 501 U.S. 78 (1991) "controls th[e] issue" of whether the borrower was obligated or allegedly obligated to pay any debt. *Koontz,* at *2. Palazzo recognized the same here. OB 29. Further, in *Koontz* the Court also recognized that collection notices "did not disclaim the notion that [the servicer] was seeking to collect a debt." *Koontz,* at *3. Here, before the Court in this action Palazzo also argues that the disclaimers utilized by Appellees in some instances but not others do not control under the totality of circumstances and record presented to the Court. OB 45-54; ReplyBr. 1-15).

Respectfully,

*/s/Phillip Robinson*

Phillip Robinson
*Counsel for Appellant Ruben Palazzo*


c: All Parties & Counsel of Record